T. N. BEALL, administrator, plaintiff in error, *vs.* EDWARD J. COATS, principal, and W. E. CARSWELL and JOHN SMITH, securities, defendants in error.

An affidavit to open a judgment, upon the sole ground that the defendant is willing to return to the plaintiff in *fi. fa.* the property, the purchase of which created the debt on which the judgment is founded, should have been dismissed and the sheriff ordered to proceed with the sale.

Relief. Tender. Motion to open judgment. Before Judge ROBINSON. Wilkinson Superior Court. April Term, 1871.

On the 29th day of November, 1869, an execution issued from Wilkinson Superior Court, in favor of plaintiff in error,

Beall *vs.* Coats and others.

against defendants in error, for the sum of $2471.00, besides interest and costs. This execution was levied upon a certain tract of land, as the property of Edward J. Coats, on February 27th, 1868. On the 11th day of February, 1869, Edward J. Coats made affidavit that "said *fi. fa.* was issued upon a judgment entered upon a contract made prior to June 1st, 1865, and that defendant makes this affidavit in order to obtain the benefits of 'An Act for the relief of debtors, and to authorize the adjustment of debts upon the principles of equity.'" At the April Term, 1869, said defendant in error moved to have said judgment opened, upon three grounds, the second of which was as follows: "Defendant further states that said contract was a note given for land purchased by defendant from plaintiff; that this defendant still has said land in possession, in his own right, and that he is and has been willing to return the same, with just and reasonable compensation for the use, rents and profits thereof, for the time the same has been in the possession of this defendant." The Court overruled the first and third grounds and sustained the second, whereupon plaintiff in execution excepted.

J. RUTHERFORD; J. WINGFIELD; E. CUMMING, for plaintiff in error.

J. G. OCKINGTON; F. CHAMBERS, by brief, for defendants.

MONTGOMERY, Judge.

This was an effort made by one of the defendants, (the principal in the debt sued on,) to avail himself of the provisions of the third section of the Relief Act of 1868. That section does not vary essentially, so far as defendant in this case attempts to avail himself of it, from the proviso to the fifteenth section to the Relief Act of 1870. That has been declared by this Court to be unconstitutional, in Abercrombie *vs.* Baxter, decided October 17th, 1871. The third section of the Relief Act of 1868, so far as applicable to cases like the present, must share the same fate. See, also, 42 Georgia, 61.

Our judgment, therefore, is that an affidavit to open a judgment upon the sole ground that the defendant is willing to return to the plaintiff in *fi. fa.* the property, the purchase of which created the debt on which the judgment is founded, should have been dismissed and the sheriff ordered to proceed with the sale.

Judgment reversed.